[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This personal injury case arose out of a motor vehicle accident. After trial, the jury in this case found for the Plaintiff awarding $18,338.70 in economic damages and -0- noneconomic damages. The jury also found 40 percent comparative negligence on the part of the Plaintiff reducing the award to $11,003.22.
Postverdict, the Plaintiff moved to set aside the verdict or additur.
In passing on a motion to set aside a verdict, the trial judge must do what every juror ought to do in arriving at a verdict.
In the present case, the jury not only awarded Plaintiff all of the claimed medicals, but also his lost wages and lost overtime. The award of the Plaintiff's lost wages must necessarily have flowed from the conclusion that he was injured, suffered pain and could not work. The failure to award noneconomic damages is inconsistent with the conclusion of injury and the award of lost wages.
The Plaintiff in the present case had a pre-existing condition, but the condition was congenital in nature; and the Plaintiff was asymptomatic with a complete range of motion pain free. The doctrine that you take your victim as you find him is still established law in Connecticut. In the present case, the evidence is clear that Plaintiff had not had any treatment for his back prior to this accident, and the Plaintiff did not even know he had a pre-existing condition.
After reviewing the case law enunciated in Wikers v. Hatch, 252 Conn. 174
(2000), and Schroeder v. Torangulum Associates, 259 Conn. 325 (2002), the Court is of the opinion that the facts of this case require this Court to conclude that the Plaintiff must have suffered pain accompanying his injury.
Therefore, the Court grants the Plaintiff's motion for additur awarding CT Page 1473 to the Plaintiff and against the Defendant, $12,000 for noneconomic damages and $18,338.70 economic damages in accordance with this jury's award for a total of $30,338.70 reduced by the jury's finding of comparative negligence of the Plaintiff of 40 percent for a total award of $18,203.22.
Within twenty days, either party may reject the additur and either move to set aside the verdict and request a new trial or file a notice of appeal. As authorized by law, the pending motion to set aside this verdict filed by the Plaintiff is denied without prejudice.
BY THE COURT
Kocay, J. CT Page 1474